Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
Derek W. Li, CA SBN 150122
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Nechole Garcia, NV SBN 12746
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Boulevard South, Ste 8112
Las Vegas, Nevada 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094
E-Mail: nechole.garcia@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> WYNN LAS VEGAS, LLC; and DOES 1-10, INCLUSIVE, <br><br> Defendant. | Case No: <br><br> **COMPLAINT—ADA** <br> • **Disability Discrimination – Denial of Reasonable Accommodation; Failure to Engage in the Interactive Process** <br> • **Disability Discrimination – Discharge** <br><br> **JURY TRIAL DEMAND** |

1

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Dawn M. Madisso ("Charging Party") and a class of similarly aggrieved individuals, who were adversely affected by such practices. As alleged with greater particularity in Paragraphs 17 to 25 of this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant Wynn Las Vegas, LLC ("Wynn" or "Defendant") and Defendants Does 1 – 10 unlawfully discriminated against Dawn Madisso and a class of similarly aggrieved individuals on the basis of their disability by failing to properly engage in an interactive process and/or to provide reasonable accommodation in violation of the ADA. Plaintiff also alleges that Defendant unlawfully discharged Dawn Madisso on the basis of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to § 107(a) of the ADA and § 102 of the Civil Rights Act of 1991, 41 U.S.C. § 1981a. 42 U.S.C. § 12117(a) (incorporating the powers, remedies, and procedures of § 706 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5, into ADA enforcement actions).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the State of Nevada.

## PARTIES

3. The Commission is an agency of the United States of America, charged with the administration, interpretation and enforcement of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA.

4. At all relevant times, Defendant has been a corporation doing business in Clark County, State of Nevada.

5. At all relevant times, Defendant has continuously been a corporation doing business in the State of Nevada, and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of § 101(5) of the ADA, 42 U.S.C. 12111(5), and § 101(7) of the ADA, 42 U.S.C. § 12111(7).

7. At all relevant times, Defendant has been a covered entity under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

8. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendant(s), each acting as a successor, agent, employee, alter ego, indirect employer, joint employer, or under the direction and control of others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant(s) participated in, approved and/or ratified the unlawful acts and omissions by the other Defendant(s) complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

9. Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 10, inclusive, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the Complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and the Commission will amend the Complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

10. More than 30 days prior to the institution of this lawsuit, Charging Party filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

11. Prior to instituting this lawsuit, Plaintiff attempted to eliminate the unlawful employment practices alleged herein and to effect voluntary compliance with the ADA through

informal methods of conciliation, conference, and persuasion within the meaning of § 706(b) of Title VII, 42 U.S.C. § 2000e-5(b).

12. On February 1, 2017, the Commission issued a Letter of Determination to Defendant, which stated that the Commission based on its investigation found reasonable cause to believe that Defendant had violated the ADA by discriminating against Dawn Madisso by its failure to provide reasonable accommodate and by discharging her on the basis of her disability. The Commission also found reasonable cause to believe that Charging Party and a class of employees were discriminated against based on their disability, including but not limited to Defendant's failure to provide them with reasonable accommodation, in violation of the ADA. The Commission invited Defendant to participate in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

13. The Commission engaged in communications with Defendant, providing Defendants with the opportunity to remedy the discriminatory practices identified in the Letter of Determination.

14. The Commission was unable to secure through informal methods of conciliation, including but not limited to written correspondence, from Defendant a conciliation agreement acceptable to the Commission.

15. On July 11, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

16. All conditions precedent to this lawsuit have been fulfilled.

17. Since at least 2013, Defendant has engaged in unlawful employment practices in violation of §§ 102(a) and (b) of the ADA, 42 U.S.C. § 12112(a) and (b). Specifically, Defendant unlawfully failed to engage properly in an interactive process and/or to provide reasonable accommodation of leave to Charging Party and a class of similarly aggrieved employees.

18. From September 2008 to July 2010, Defendant had employed Dawn Madisso in various positions, including as an agent for its Collections Department.

19. On or about September 2012, Defendant rehired Dawn Madisso as a Senior Collections Agent in its Collections Department.

4

20. Before she was rehired, Dawn Madisso had informed Defendant that she had ovarian cancer and had surgeries and chemotherapy until 2011.

21. After Defendant had rehired Dawn Madisso, she learned that her ovarian cancer had returned. She informed Defendant that she might need another surgery.

22. In January 2013, Dawn Madisso informed Defendant that her surgery would be scheduled in February 2013 and that she would need six to eight weeks of leave for her recovery.

23. Defendant failed to engage in an interactive process in good faith and to provide reasonable accommodation in violation of the ADA when it denied her request for leave of six to eight weeks.

24. Further, Defendant discharged Dawn Madisso on the basis of her disability when Defendant discussed with Dawn Madisso her last day of work and informed her that she would be eligible for rehire.

25. Other similarly aggrieved employees include claimant Brenda Gaines, a scheduler in Defendant's Housekeeping Department, who was terminated by Defendant in September 2013 after it failed to properly engage in the interactive process and denied her the reasonable accommodation of additional leave to November 2013 due to her medical condition,

26. The effect of the practices complained of in paragraphs 17 through 25 above has been to deprive Charging Party and a class of similarly aggrieved individuals of equal employment opportunities and otherwise adversely affected their status as an employee because of their actual disability.

27. The unlawful employment practices complained of in paragraphs 17 through 25 above were intentional and caused Charging Party and a class of similarly aggrieved individuals to suffer emotional distress.

28. The unlawful employment practices complained of in paragraphs 17 through 25 above were done with malice or with reckless indifference to the federally protected rights of Charging Party and a class of similarly aggrieved individuals.

//

//

## PRAYER FOR RELIEF

29. Wherefore, the Commission respectfully requests that this Court:

30. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminate on the basis of disability.

31. Order Defendant to institute and carry out policies, practices, and programs to ensure that it would not engage in unlawful employment practices in violation § 102(a) and (b), 42 U.S.C. § 12112(a) and (b).

32. Order Defendant to make whole Charging Party and a class of similarly aggrieved individuals by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmatively relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

33. Order Defendant to make Charging Party and a class of similarly aggrieved individuals whole by providing compensation for past and future pecuniary losses, including but not limited to out-of-pocket expenses suffered by him which resulted from the unlawful employment practices described above in amounts to be determined at trial.

34. Order Defendant to make Charging Party and a class of similarly aggrieved individuals whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial. The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

35. Order Defendant to pay Charging Party and a class of similarly aggrieved individuals punitive damages for its malicious and/or reckless conduct in an amount to be determined at trial.

36. Award the Commission its costs of this action.

37. Grant such further relief as the Court deems necessary in the public interest.

//

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 11, 2017

Respectfully Submitted,

JAMES LEE,
Acting General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By: *[signature]*

ANNA Y. PARK.
Regional Attorney

SUE J. NOH,
Supervisory Trial Attorney

RUMDUOL VUONG,
Supervisory Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION